Jory P. Shoell, Esq.
Nevada Bar No. 8259
Laura Browning, Esq.
Nevada Bar No. 7624
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone (702) 784-5200
Facsimile (702) 784-5252
*Attorneys for Plaintiff Las Vegas Apartment Lenders, L.L.C.*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS APARTMENT LENDERS, L.L.C., a Washington limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>MOULIN ROUGE PROPERTIES, L.L.C., a Nevada limited liability company, GARY P. REXROAD, an individual, LYLE C. REXROAD, an individual, TERESA REXROAD, an individual, GREG R. REXROAD, an individual, DALE L. SCOTT, an individual, and R. B. & G. CONSTRUCTION, INC., a California corporation,<br><br>Defendants. | CASE NO.: **2:09-cv-02117-PMP-RJJ** |

## AMENDED DEFAULT JUDGMENT

This matter is before the Court upon Plaintiffs' Motion for Default Judgment filed against Defendants MOULIN ROUGE PROPERTIES, L.L.C., a Nevada limited liability company ("Borrower"), GARY P. REXROAD ("G. Rexroad"), GREG R. REXROAD ("G.R. Rexroad"), DALE L. SCOTT ("D. Scott") and R.B. & G. CONSTRUCTION, INC., a California corporation ("RBG", together with G. Rexroad, G.R. Rexroad, and D. Scott, collectively the "Guarantors"), under Fed. R. Civ. P. 55(b)(2). This amended final judgment is issued to correct a clerical error in omitting the principal amount due to Plaintiff. After full and fair consideration of the evidence and arguments set forth in the papers submitted, and good cause appearing, the Court enters the following findings and amended final judgment.

13689940.1

# FINDINGS

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a) as the aggregate amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity between Plaintiff and Defendants in this action.

2. This Court has personal jurisdiction over Defendants, who do business in the State of Nevada, have engaged in acts or omissions within this State causing injury, and have otherwise established contacts within this State to make jurisdiction proper.

3. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391.

4. Plaintiff's Complaint was filed on November 4, 2009.[1]

5. On January 29, 2010, RBG was served with a copy of the Summons and Complaint. On February 3, 2010, G. Rexroad was served with a copy of the Summons and Complaint. On February 8, 2010, G.R. Rexroad was served with a copy of the Summons and Complaint. On February 18, 2010, D. Scott and Borrower were served with a copy of the Summons and Complaint.[2]

6. RBG and G. Rexroad failed to appear or otherwise defend this action; as a result, the Clerk properly entered defaults against them on March 1, 2010. D. Scott and Borrower failed to appear or otherwise defend this action; as a result, the Clerk properly entered defaults against them on March 18, 2010. G.R. Rexroad failed to appear or otherwise defend this action; as a result, the Clerk properly entered defaults against him on March 5, 2010.[3]

7. As a result of these defaults, the allegations in the Complaint are to be taken as true.[4]

8. On or about January 29, 2007, Borrower executed a "Promissory Note" (the "Note") in favor of LVAL through which Borrower promised to pay LVAL the principal amount

---

[1] *See Docket, Document No. 1.*

[2] *See Docket, Document Nos. 6, 8, 10, 11, and 12.*

[3] *See Docket, Document Nos. 17, 19, and 21.*

[4] *Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007, 1023 (9th Cir. 2002); *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987); *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).
13689940.1

of $9,525,000.00, and other fees, interest, default interest, charges, sums, costs and expenses including attorneys fees which may be owing at any time (the "Loan").

9. On or about January 29, 2007, Borrower, as trustor, entered into a Deed of Trust (the "Deed of Trust") with LVAL, as Beneficiary, to secure the note. The Deed of Trust encumbers, among other things, land, improvements, and all rights associated with certain real property located in Clark County, Nevada and further described in Exhibit A to the Deed of Trust (the "Real Property"). The Deed of Trust was recorded on February 2, 2007 in Book 20070202 as Instrument No. 0002668 in the Official Records of Clark County, Nevada.

10. On or about January 29, 2007, the Guarantors executed a Guaranty (as subsequently amended, the "Guaranty"). Under the Guaranty, Guarantors unconditionally guaranteed to pay to LVAL on demand the full payment of all of Borrower's obligations to pay the Loan and other fees, interest, default interest, charges, sums, costs, and expenses including attorney's fees which may be owing at any time under the Note.

11. The Loan was subsequently modified pursuant to that certain First Modification Agreement, Allonge and Guarantor Consent dated effective as of "November ___, 2007" [sic] (the "Modification Documents"). The Note, the Deed of Trust, and the Modification Documents are hereafter collectively referred to as the "Loan Documents."

12. Borrower defaulted under the Loan Agreement by, among other things, failing to make certain loan payments including the maturity payment on the maturity date of the Note of August 1, 2008, which is a default under the Note ("Defaults").

13. On July 14, 2008, LVAL sent a letter to Borrower ("Letter"), with copies to Guarantors providing notice that Borrower had defaulted on its loan obligations, and demanding Borrower and Guarantors cure those defaults. Borrower and Guarantors failed to cure the Defaults.

14. LVAL caused to be recorded a Notice of Default and Election to Sell under Deed of Trust on or about August 12, 2008, as Book 20080812 as Instrument 0005417 and that certain Amended Notice of Default and Election to Sell, in Book 20080812 as Instrument 0005437, in the Official Records of Clark County, Nevada ("as amended, the Notice of Default"). A copy of

13689940.1

the Notice of Default was mailed by certified mail to the Borrower and to all other persons entitled by law and contract to such notice.

15. Upon expiration of all statutorily prescribed periods under NRS 107.080, Trustee recorded that certain Notice of Trustee's Sale, in Book 20081112 as Instrument 0000523, in the Official Records of Clark County, Nevada, noticing the Real Property for sale in compliance with NRS 107.080(4) for December 3, 2008.

16. On November 17, 2008, Borrower filed a voluntary bankruptcy petition under Chapter 11 of Title 11 of the United State Code, in the United States Bankruptcy Court, District of Nevada ("Bankruptcy"). LVAL obtained relief from the automatic stay pursuant to that certain Order Approving Stipulation Modifying Automatic Stay of the Bankruptcy Court Dated March 27, 2009, which relief became effective on April 10, 2009.

17. On May 5, 2009, after complying with all relevant statutes and the Deed of Trust, the Trustee conducted the sale of the Real Property.

18. At the Trustee's Sale, Trustee sold the Real Property to LVAL by way of credit bid in the amount of $5,000,000.00, which was the highest and best bid.

19. At the time of the default, the principal balance owing was $9,428,617.91.

20. Given the accumulation of interest, fees, and other costs since the Trustee's Sale, the total Loan Balance now equals $15,033,854.83, which consists of the following:

    a. Principal balance owing of $9,428,617.91;

    b. Regular interest under the Note from June 1, 2008 through August 8, 2011 in the amount of $4,268,015.52;

    c. Default interest in addition to regular interest from July 2, 2008 to August 8, 2011 in the amount of $1,524,292.92;

    d. Accumulated past unpaid late charges under the Note in the amount of $38,893.75;

    e. Late charges under the Note in the amount of $5,556.25;

    f. Late fee on balloon payment due August 1, 2008 under the Note in the amount of $471,430.90;

    g. Accumulated Expenses under the Note in the amount of $16,525.08;

h. Title fees and taxes due under the Note in the amount of $35,030.50; and

i. Less $754,508.00 which was secured from one of the Guarantors on the property.

21. Deducting the sale price of $5,000,000.00 from the total Loan Balance of $15,033,854.83, LVAL is now due $10,033,854.83 from the Defaulted Parties.

22. The Deed of Trust expressly awards LVAL attorneys' fees and costs in the event of default on the Deed of Trust. Borrower defaulted under the Loan Agreement on July 14, 2008, which is codified in a letter from LVAL of the same date. Borrower and Guarantors failed to cure the Defaults. LVAL has incurred reasonable attorneys' fees in the amount of $203,330.00 and costs in the amount of $11,994.16.

## AMENDED FINAL JUDGMENT

Based upon the foregoing and other good cause appearing therefor,

IT IS ORDERED, ADJUDGED AND DECREED that Judgment is hereby entered in favor of Plaintiff and against MOULIN ROUGE PROPERTIES, L.L.C., GARY P. REXROAD, GREG R. REXROAD, DALE L. SCOTT, and R. B. & G. CONSTRUCTION, INC., jointly and severally in the principal amount of $10,033,854.83, together with attorneys' fees in the amount of $203,330.00 and costs in the amount of $11,994.16, with interest accruing as prescribed by 28 U.S.C. § 1961.

### IT IS SO ORDERED

This **28th** day of September, 2011.

_____
PHILIP M. PRO
United States District Judge

Submitted By:
SNELL & WILMER L.L.P.

Jory P. Shoell, Esq.
Nevada Bar No. 8259
Laura Browning, Esq.
Nevada Bar No. 7624
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone (702) 784-5200
Facsimile (702) 784-5252
*Attorneys for Plaintiff Las Vegas Apartment Lenders, L.L.C.*

13689940.1